IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TERRENCE CHAPMAN, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 5:16-cv-1139 |
| | § | |
| vs. | § | **COMPLAINT** |
| | § | Jury Trial Demanded |
| PERSOLVE, LLC, AND CROWN | § | |
| ASSET MANAGEMENT, LLC | § | |
| | § | |
| Defendants. | § | |

## NATURE OF ACTION

1. Plaintiff Terrence Chapman ("Plaintiff") brings this action against Defendants Persolve, LLC ("Persolve") and Crown Asset Management ("Crown Asset") (collectively "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION, VENUE, AND STANDING

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4. "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992).

1

5. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. *See id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

## THE FAIR DEBT COLLECTION PRACTICES ACT

7. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

8. "[T]he FDCPA is a strict liability statute—collector 'need not be deliberate, reckless, or even negligent to trigger liability . . ..'" *Walker v. Pharia, LLC*, No. 4:09-CV-369-Y, 2010 WL 565654, at *3 (N.D. Tex. Feb. 18, 2010) (quoting *Ross v. RJM Acquisitions Runding LLC*, 480 F.3d 493, 495 (7th Cir.2007)).

9. "To determine whether a particular collection practice violates the FDPCA, the Court 'must evaluate any potential deception in the letter under an unsophisticated or least

2

sophisticated consumer standard.'"  *Castro v. Collecto, Inc.*, 668 F. Supp. 2d 950, 959 (W.D. Tex. 2009) (citing *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)).

10. "The Fifth Circuit has explained the unsophisticated or least sophisticated consumer standard is meant to protect all consumers from abusive or deceptive collection practices and to protect debt collectors from consumers who misinterpret collection materials." *Id.* at 959-60.

11. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts.  *See* 15 U.S.C. § 1692e.  *See Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

12. Included within this general prohibition, the FDCPA specifically prohibits "[t]he false representation or implication that a debt collector operates or is employed by a consumer reporting agency."  15 U.S.C. § 1692e(16); *see also McKenzie v. E.A. Uffman and Associates, Inc.*, 119 F.3d 358, 362 (5th Cir. 1997) ("We cannot permit the naked license of a credit bureau's name to circumvent the policies of the FDCPA and the specific prohibition of § 1692e(16).")

13. "[A] debt collector cannot escape liability under the FDCPA for a misleading statement just because the language it used is conditional or ambiguous. *Mandel v. Associated Collection Serv. Inc.*, CV-13-02100-PHX-JZB, 2015 WL 1508842, at *5-6 (D. Ariz. Mar. 31, 2015) (Court holding that the "use of the phrase 'Affiliated with Trans Union Credit' falsely represents or implies that Defendant operates or is employed by a consumer reporting agency in violation of 15 U.S.C. § 1692e(16).").

14. Literally true statements, partial truths, and ambiguous statements are deceptive if the statement is subject to an interpretation or contains an implication with the capacity to deceive. *See McMillan v. Collection Professionals Inc.*, 455 F.3d 754, 758 (7th Cir. 2006) ("in some cases 'the literal truth may convey a misleading impression that violates § 1692e' "); *Forsberg v. Fid. Nat. Credit Services, Ltd.*, No. 03CV2193-DMS(AJB), 2004 WL 3510771, at *5 (S.D. Cal. Feb. 26, 2004) ("even literally true statements, partial truths, and ambiguous statements are deceptive if the statement is subject to an interpretation or contains an implication with the capacity to deceive.").

15. Courts have also held that "[a] notice is deceptive when it reasonably can be read to have two or more different meanings, one of which is inaccurate." *Gonzalez v. Kay*, No. CIV. A. H-08-563, 2008 WL 2405978, at *3 (S.D. Tex. June 11, 2008) *rev'd on other grounds*, 577 F.3d 600 (5th Cir. 2009))

16. "The ultimate question in each is whether the unsophisticated or least sophisticated consumer would have been led by the debt collection letter into believing something untrue that would have influenced their decision-making." *Gomez v. Niemann & Heyer, L.L.P.*, 1:16-CV-119 RP, 2016 WL 3562148, at *5 (W.D. Tex. June 24, 2016).

**PARTIES**

17. Plaintiff is a natural person who at all relevant times resided in the State of Texas, County of Guadalupe, and City of Schertz.

18. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

19. Persolve is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

20. Persolve is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

21. Crown Asset is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of directly or indirectly attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

22. Crown Asset is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

23. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendants.

24. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a Synchrony Bank account (the "Debt").

25. Persolve uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

26. Crown Asset purchases debts once owed or once due, or asserted to be once owed or once due, a creditor.

27. Crown Asset acquired Plaintiff's Debt on June 22, 2015 when it was allegedly in default.

28. Crown Asset retained Persolve to collect the Debt from Plaintiff on its behalf.

29. On May 17, 2016, Persolve sent Plaintiff a letter in an attempt to collect a Debt.

30. A true and accurate copy of the May 17, 2016 letter is attached to this complaint as Exhibit A.

31. The May 17, 2016 letter states additional requirements not required under the FDCPA, specifically that California law "requires that you notify your creditor of you change of name, address, or employment for any existing consumer credit."  Exhibit A.

32. These additional requirements were stated on the front of May 17, 2016 collection letter and were listed separately from the state disclosures that Persolve otherwise listed on the back page of the collection letter.  Exhibit A.

33. Plaintiff, as a resident of Texas, is not required to comply with the additional requirements set out by California law.

34. However, Plaintiff, or the least sophisticated consumer, could falsely believe that he must comply with these additional requirements.

35. Therefore, Persolve made false, deceptive, or misleading statements in an attempt to collect a Debt because Plaintiff, or the least sophisticated consumer, could reasonably believe—falsely—that he is required by law to notify his creditor about various personal information.  *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011) ("[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.") (quoting *Brown v. Card Serv. Ctr.,* 464 F.3d 450, 455 (3d Cir.2006) (internal quotation omitted)).

36. The May 17, 2016 letter also states that Persolve is a "member of Experian, Transunion, and Equifax."  Exhibit A.

37. Persolve does not operate or is employed by a consumer reporting agency.

38. Thus, Persolve's statement that it is a "member" of the consumer reporting agencies falsely implies the least sophisticated consumer that Persolve operates or is employed by a consumer reporting agency.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e
## PERSOLVE

39. Plaintiff repeats and re-alleges each factual allegation contained above.

40. Persolve violated § 1692e by making false, deceptive, or misleading statements in an attempt to collect a Debt, including by stating that California law required Plaintiff, a resident of Texas, to "notify your creditor of your change of name, address, or employment for any existing consumer credit."

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Persolve violated § 1692e;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e
## CROWN ASSET

41. Plaintiff repeats and re-alleges each and every allegation above.

42. Persolve violated 15 U.S.C. § 1692e by using false, misleading, or deceptive means in an attempt to collect the Debt.

43. Crown Asset, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Persolve—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem proper.

### COUNT III
### VIOLATION OF 15 U.S.C. § 1692e(16)
### PERSOLVE

44. Plaintiff repeats and re-alleges each factual allegation contained above.

45. Persolve violated § 1692e(16) by falsely representing or implying that it is operated or employed by a consumer reporting agency, including by stating in its May 17, 2016 letter that it is a "member of Experian, Transunion, and Equifax."

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Persolve violated § 1692e(16);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(16)
## CROWN ASSET

46. Plaintiff repeats and re-alleges each and every allegation above.

47. Persolve violated 15 U.S.C. § 1692e(16) by falsely representing or implying that it is operated or employed by a consumer reporting agency.

48. Crown Asset, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Persolve—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(16);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

49. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: November 14, 2016

                Respectfully submitted,

                /s/ Russell S. Thompson IV
                Russell S. Thompson IV
                Thompson Consumer Law Group, PLLC
                5235 E. Southern Ave. D106-618
                Mesa, AZ 85206
                Telephone:    602-388-8898
                Facsimile:     866-317-2674
                rthompson@consumerlawinfo.com

                /s/ Joseph Panvini
                Joseph Panvini
                Thompson Consumer Law Group, PLLC
                5235 E. Southern Ave. D106-618
                Mesa, AZ 85206
                Telephone: 602-388-8875
                Facsimile: 866-317-2674
                jpanvini@consumerlawinfo.com

                Attorneys for Plaintiff